An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

ROBERT C. TOWNSEND, JR.,
Appellant,
vs.
CITIMORTGAGE, INC.,
Respondent.

No. 64754

**FILED**

MAY 1 4 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from a district court order denying a petition for judicial review in a Foreclosure Mediation Program (FMP) matter. Second Judicial District Court, Washoe County; Lidia Stiglich, Judge.

In an appeal from a district court order granting or denying judicial review in an FMP matter, this court defers to the district court's factual determinations and reviews de novo the district court's legal determinations. *Edelstein v. Bank of N.Y. Mellon*, 128 Nev. ___, ___, 286 P.3d 249, 260 (2012). To obtain an FMP certificate, a deed of trust beneficiary must: (1) attend the mediation; (2) participate in good faith; (3) bring the required documents; and (4) if attending through a representative, have a person present with authority to modify the loan or access to such person. NRS 107.086(4) and (5) (2011); *Leyva v. Nat'l Default Servicing Corp.*, 127 Nev. ___, ___, 255 P.3d 1275, 1278-79 (2011).

Appellant first contends that the district court erred in concluding that respondent produced the documents necessary to establish that it was the proper entity to attend the mediation. We disagree. As appellant recognizes, his deed of trust did not designate Mortgage Electronic Registration Systems, Inc., as the beneficiary, meaning that

SUPREME COURT
OF
NEVADA

(O) 1947A

14-15645

appellant's original lender did not agree with anyone to separate appellant's note from appellant's deed of trust. *See Edelstein*, 128 Nev. at ___, 286 P.3d at 258-59. Thus, under either the Restatement rule adopted by this court in *Edelstein* or the traditional rule mentioned in *Carpenter v. Longan*, 83 U.S. 271, 275 (1872), a negotiation of appellant's promissory note automatically transferred with it appellant's deed of trust. *See Edelstein*, 128 Nev. at ___, 286 P.3d at 257-58 (explaining the similarities between the Restatement rule and the traditional rule). Here, respondent produced appellant's original promissory note, which contained an endorsement (on an allonge) by appellant's original lender to the order of ABN AMRO Mortgage Group, and which also contained a blank endorsement by ABN AMRO Mortgage Group. Because respondent possessed appellant's original, properly negotiated note, it was the note holder and was entitled to enforce the note. *See Leyva*, 127 Nev. at ___, 255 P.3d at 1280-81 (recognizing that a party in possession of a promissory note that has been properly negotiated is the note holder and that one way to attain holder status is to possess a note that has been endorsed in blank). And because each negotiation automatically transferred appellant's deed of trust, *Edelstein*, 128 Nev. at ___, 286 P.3d at 257-58, respondent also established that it held the beneficial interest in appellant's deed of trust.[1] Thus, the district court correctly determined

---

[1]In this regard, we note that the 2012 deed of trust assignment with which appellant takes issue was unnecessary to complete respondent's chain of title. We further note that, at the time when respondent acquired beneficial interest in appellant's deed of trust in 2007, an interest in real property was capable of being validly transferred without the transfer being recorded. *See Edelstein*, 128 Nev. at ___ n.5, 286 P.3d at 254 n.5

*continued on next page...*

that respondent produced the documents necessary to establish that it was the proper entity to attend the mediation. *Edelstein*, 128 Nev. at ___, 286 P.3d at 260 (reviewing a district court's legal conclusions de novo); *cf. Washoe Cnty. v. Otto*, 128 Nev. ___, ___, 282 P.3d 719, 727 (2012) (recognizing that this court may affirm the district court if it reached the proper result, albeit on alternative grounds).

Appellant next contends that respondent's representative who participated in the mediation via telephone failed to demonstrate that he had authority to modify appellant's loan. Relying on FMR 11(7) (2013), appellant suggests that this representative should have produced a copy of his employment agreement with respondent showing that his job description entailed modifying loans. We disagree, as FMR 11(7) (2013) pertains to situations in which a loan servicer attends a mediation on behalf of the deed of trust beneficiary.[2] Here, the record on appeal demonstrates that appellant was offered a loan modification at the mediation, and the district court did not clearly err in finding that

---

*...continued*
(recognizing that, before the Legislature's 2011 amendment to NRS 106.210, recording a transfer of an interest in real property was optional).

[2]Appellant contends that such a situation existed here, evidenced by a letter he received from Freddie Mac stating that Freddie Mac owns his mortgage and that respondent is the servicer. While this letter may suggest as much, respondent nevertheless appeared at the mediation with the documents needed to establish that it was the note holder and deed of trust beneficiary. *See Edelstein*, 128 Nev. at ___, 286 P.3d at 255 ("[T]o have standing to foreclose, the current beneficiary of the deed of trust and the current holder of the promissory note must be the same."). As this is what the FMP requires, *id.*, the district court was within its discretion to deny appellant's petition for judicial review and to order the issuance of an FMP certificate.

SUPREME COURT
OF
NEVADA

(O) 1947A

respondent's representative had authority to modify appellant's loan. *Edelstein*, 128 Nev. at ___, 286 P.3d at 260 (indicating that, absent clear error, a district court's factual determinations will not be disturbed).

Appellant lastly contends that the district court cited to an outdated version of the FMP rules in its order. While we agree with this broader contention, we are unable to discern a specific argument that appellant made in his petition for judicial review that might have had a different outcome if the district court had applied the 2013 FMP rules. Although appellant suggests that respondent's document certifications would have been deficient under FMR 11(8) (2013), appellant did not raise this argument in his petition for judicial review. *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981). In any event, having independently reviewed these certifications, we conclude that they comply with FMR 11(8) (2013). Accordingly, we

ORDER the judgment of the district court AFFIRMED.[3]

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

---

[3]In light of this disposition, we vacate the temporary stay imposed by our January 24, 2014, order.

cc: Hon. Lidia Stiglich, District Judge
Robert C. Townsend, Jr.
RCO Legal, P.S.
Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A